UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND
CIVIL ACTION NOS.: 04-229-DLB and 05-204-DLB

IN RE: 2004 DUPONT LITIGATION

MEMORANDUM ORDER

**I. Procedural Background**

In April, defendant filed motions seeking dismissal as a sanction against 52 of the individual plaintiffs listed in Civil Action Nos. 05-204-DLB and 04-229-DLB, based upon those plaintiffs' failure to respond to defendant's discovery requests. On June 27, 2006, the court granted defendant's motions in part, both because of plaintiffs' failure to timely respond to defendant's written discovery requests and because of plaintiffs' failure to comply with the order of this court dated March 8, 2006.[1]

In response to defendant's original motions to dismiss,[2] plaintiffs had asserted that 11 plaintiffs- Wanda Endicott, Jerry Greene, Paul Greene, Amanda Hughes, Tiffany Jackson, Mariam Shope, Brandon Smith, Carrie Smith, Daryl Kazee, Betsie Jo Stevens, and Frances Taylor- served tardy responses to the outstanding discovery requests after defendants filed their initial motions. In reply,

---

[1]That order directed all plaintiffs to respond to all outstanding discovery requests not later than March 31, 2006, and for defendants to analyze those responses and complete any follow-up written discovery not later than July 24, 2006.

[2]The responses and a separate motion for hearing were filed by Ms. Louise Roselle. Pursuant to the custom and practice of this court, Ms. Roselle's signature on a pleading on behalf of these plaintiffs constitutes a new entry of appearance as co-counsel for those plaintiffs in Case No. 05-204-DLB. Until July 12, 2006, Ms. Roselle represented plaintiffs in Case No. 04-229-DLB but had not appeared in Case No. 05-204-DLB.

defendant acknowledged receipt of responses from only 9 of those plaintiffs, not including Wanda Endicott or Brandon Smith. In their initial responses to the defendant's motions to dismiss, plaintiffs never disputed that Mildred and Malindy Thompson, Lloyd Caudill, and Jonathan Williams (in 05-204) had completely failed to respond to defendant's discovery requests.

Based on the parties' representations, in its June 27 order the court directed Mildred Thompson and Malindy Thompson in 04-229-DLB and Lloyd Caudill and Jonathan Williams in 05-204-DLB to serve their discovery responses "**immediately**." At the same time, the court ordered 38 additional plaintiffs in 05-204-DLB [Wanda Endicott, Brandon Smith, Mary Beach, William R. Beach, Matt Benham, Eddie Blanton, Harley Blanton, Esther Burton, Tammy Byrd, Marcy Cassidy, Angela Davis, Felicia Frasure, Karen Frasure, Walter Frasure, Jessica Gordon, Frederick Jackson, Quincy Jackson, Sara Jordon, Paula Kibley, Diana Lyons, Joyce Lyons, James Lyons, Robert McGlone, Mandy McMahan, Katelin Noe, Cierra Pierson, Janet Robinson, Roger Robinson, Lester Skaggs, Herman Smith, Sida Smith, Siera Smith, Jamae Troxler, Jamathan Troxler, James Troxler, Brenda Truitt, Marshall Truitt, and Michelle Whitledge] to serve their responses "**immediately.**"

Forty-two plaintiffs who had not served any responses, together with the nine from whom tardy responses had been received, were also ordered to:

> **show cause** in writing within fifteen (15) days as to why their cases should not be dismissed for failure to prosecute and pursuant to Rule 37, Fed. R. Civ. P.   Plaintiffs' responses shall include a statement verifying the date of service of their responses to defendant's outstanding discovery requests as well as the basis for their failure to earlier comply with the Federal Rules of Civil Procedure and this court's March 8, 2006 order.

To the extent the plaintiffs served belated responses and showed good cause to avoid dismissal,

2

the court cautioned those plaintiffs:

> the court may impose a monetary sanction against them under Rule 37 in the amount of defendant's expenses in drafting the motion for sanctions. The court may also re-examine imposing a *Lone Pine* order as to those plaintiffs. If no timely responses and explanation demonstrating cause are received, the court will recommend dismissal of all plaintiffs. . ..

The fifteen day period provided for plaintiffs to serve responses to any outstanding discovery requests and to respond to the court's "show cause" order has now elapsed.

### II. Analysis of Responses

### A. Counsel's General Responses

Plaintiffs' counsel have filed several responses to the court's "show cause" order on behalf of their clients. Because many of the explanations provided by counsel fail to demonstrate adequate cause to avoid dismissal and do not comply with the court's June 27 directive that all overdue responses be served not later than July 12, the undersigned will recommend dismissal of the claims of 30 plaintiffs by separate Report and Recommendation filed herewith.

Counsel generally assert that the failure of multiple plaintiffs to respond to discovery in these cases should be excused considering that counsel "have several hundred clients in the 1995 and 2004 spill cases" so that formulating responses and collecting medical records for each "is time consuming and requires the client to come into the office." Counsel further explains that many clients are unavailable during regular office hours, requiring arrangements to be made outside of those hours. Counsel argue that the "failure of a few clients to respond timely to discovery is not a result of a lack of effort by Plaintiffs' counsel."

To the extent that counsel means to justify any particular plaintiff's failure to respond to

3

discovery and failure to comply with this court's March 8 order, counsel's general explanation is inadequate. Multiple attorneys represent approximately 340 plaintiffs in the various cases filed against this defendant. The Kentucky Rules of Professional Conduct, *see* SCR 3.130, require all counsel to competently represent their clients. If counsel cannot do so - whether because they have taken on too many clients or for any other reason - counsel must examine whether they can ethically continue their representation.

The record reflects that the defendant began serving written discovery requests in this case on July 29, 2005 - nearly a year ago. Many plaintiffs served long overdue responses shortly after this court's March conference, prior to the March 31, 2006 deadline imposed by the court in its March 8, 2006 order. Others did not bother to serve their responses until after defendant filed motions to dismiss them; some did not file responses until facing the imminent threat of dismissal under this court's most recent "show cause" order. As indicated by counsel's responses to the June 27 "show cause" order, many plaintiffs have yet to provide any discovery. The court does not consider the failure of some forty-two plaintiffs in these two cases alone to provide **any** responses to defendant's discovery responses - in violation of both the Federal Rules of Civil Procedure and this court's previous orders - to be merely the "failure of a few clients" whose conduct should continue to be overlooked by this court. Nor will the court fail to impose a monetary sanction against those plaintiffs who provided responses only after being threatened with dismissal, and who have failed to show adequate cause for their long delay.

B. **Plaintiffs in Case No. 04-229-DLB ("Caudill")**

The court turns now to the explanations provided for each of the specific plaintiffs directed to

4

serve their responses "immediately" but not later than July 12, 2006, and to "show cause" for their earlier failure to do so.

Mildred and Malindy Thompson

Plaintiffs' counsel states that letters were sent by ordinary mail to Mildred Thompson (a minor) and to Malindy Thompson (an adult) on September 13, 2005, April 24, 2006, and June 30, 2006. A certified letter was mailed on July 5, 2006 and had not been returned as of July 11, 2006.

Neither plaintiff has complied with the court's June 27 order directing them to respond to the outstanding discovery requests and to show cause why their cases should not be dismissed.. Counsel's request for an "additional thirty days to respond to the outstanding discovery requests" will be denied. Plaintiffs have had months to respond to the discovery requests to date and have provided no explanation for their failure to do so. Counsel's explanation suggests that despite repeated mailings counsel has not even been able to contact these would-be plaintiffs.

**C. Plaintiffs in Case No. 05-204-DLB ("Akers")**

The plaintiffs in Case No. 05-204-DLB can be roughly divided into four groups: 1) those who have provided tardy responses; 2) those who have provided no responses; 3) those who acknowledge that their cases should be dismissed; and 4) those not affected by the June 27 order who have nevertheless provided responses to it.

**1. Tardy Responses Received or Promised**

Quincy Jackson, Mandy McMahan, Katelin Noe, Cierra Pierson, Jamae Troxler, Jamathan Troxler, Michelle Whitledge

5

Plaintiffs' supplemental response states that Quincy Jackson's responses were served on defendant on July 14, 2006. Plaintiff's explanation for the tardiness is that the family had moved to New York and has now returned to Kentucky.

Counsel states that Mandy McMahan's responses were filed[3] on June 26, 2006, and explains that the responses were tardy "because this Plaintiff has moved to Georgia." Similarly, the responses of Jamae and Jamathan Troxler were served on July 5, 2006 and alleged to have been tardy because the plaintiffs (who are not alleged to have moved) "reside in Louisville."

Counsel represents that the responses of Katelin Noe, Cierra Pierson and Michelle Whitledge, were all served on June 19, 2006, but provides no explanation at all for their tardiness.

<u>Diana Lyons, Joyce Lyons, James Lyons</u>

Counsel represents that letters were mailed to Diana, Joyce and James Lyons in April, May, June and July - the last of these being sent as certified mail. After being contacted by a private investigator, Ms. Diana Lyons spoke with the Wilhoit Law Office last week, informing the staff member that she and her husband, James, had been "sick and busy." Plaintiffs have now completed responses and state that they were mailed to defense counsel on July 11, 2006. As to Joyce Lyons, counsel was "just informed" that she had moved from the address counsel had on file. Counsel was able to contact Ms. Joyce Lyons, obtained her responses on July 11, and mailed them to defense counsel the same date.

---

[3]Counsel repeatedly uses the term "filed." The court assumes based on the absence of such responses filed of record, and the general policy disfavoring the filing of discovery responses, that counsel intends to represent that the responses have been "served."

Janet Robinson and Roger Robinson

Plaintiffs' counsel represents that letters were mailed to Janet and Roger Robinson in April and July, 2006. Mr. Robinson called the Wilhoit Law Office last week in response to the recent certified letter and stated that he had been ill, and that he and his wife had been "unable" to travel to Grayson, Kentucky to counsel's office. In the same conversation, Mr. Robinson scheduled a July 13 appointment at counsel's office for his wife and himself in order to respond to the discovery requests. Plaintiffs' supplemental response reflects that the Robinsons kept that appointment, completed responses, and served defendant on the same day.

Jonathan Williams

Plaintiffs' counsel now claims that the responses of Jonathan Williams were served on April 28, 2006. Plaintiff's response appears to confuse the responses of Jonathon Aaron Williams in 05-28-DLB with Jonathon Edward Williams in 05-204. As previously reflected both in defendant's pleadings and this court's June 27, 2006 order, Jonathon (or "Jonathan") Edward Williams has failed to serve any responses to discovery. Plaintiff provides no evidence that responses were ever served, and clearly was on notice (and in apparent agreement with) the court's previous conclusion that no responses have been served. Therefore, a monetary sanction will be imposed on plaintiff under Rule 37, Fed. R. Civ. P. However, in light of the confusing similarity of the two plaintiffs' names, the court will not dismiss plaintiff's claims at this time but will instead permit Mr. Jonathon Edward Williams one last opportunity to serve the defendant with his responses to the long-overdue discovery and to show cause to this court for his previous failure to comply with both the Federal Rules of Civil Procedure and the March 8 and June 27 orders of this court.

All of these plaintiffs' explanations fall short of compliance with the court's June 27 order. Although the court will not recommend dismissal of plaintiffs' claims at this time, the court will impose a monetary sanction against plaintiffs for their dilatory conduct and failure to comply with the court's previous orders without just cause. Should any of these plaintiffs fail to comply with this order, the court will entertain a renewed motion to dismiss them as a sanction under Rule 37, Fed. R. Civ. P., and for failure to prosecute.

**2. No Responses Provided**

Teresa Arnn, Mary Beach, William R. Beach, Eddie Blanton, Harley Blanton, Esther Burton, Mary Cassidy,[4] Lloyd Caudill, Angela Davis, Frederick Jackson, Sara Jordon, Paula Kibley,[5] James Troxler, Brenda Truitt, Jessica Gordon

Counsel represent that they have mailed letters to all these plaintiffs save Jessica Gordon[6] both by ordinary and certified mail, beginning in March (after the court's March 8 order) and continuing through July. Receipts for a few of the certified letters were signed for and returned, while the receipts for others mailed as recently as last week have not been returned either as delivered or undeliverable.

None of the above plaintiffs have complied with the court's June 27 order directing them to respond to the outstanding discovery requests and to show cause why their cases should not be dismissed. Counsel's request for an "additional thirty days to respond to the outstanding discovery requests" will be denied. Plaintiffs have had months to respond to the discovery requests to date and

---

[4]The court's June 27 order misspells plaintiff Cassidy's first name as "Marcy."

[5]Plaintiffs' response misspells Ms. Kibley's first name as "Paul."

[6]Counsel has not included Jessica Gordon among the 51 named plaintiffs for whom counsel has attempted any response.

have provided no explanation for their failure to do so. Counsel's explanation does not show that any attempt at all was made to respond to defendant's discovery requests within the time allotted by the Federal Rules, demonstrates minimal attempts to comply with the court's March 8 order, and virtually no compliance at all with the court's June 27 order. Simply mailing plaintiffs a letter after months without contact and without any responses to long-overdue discovery is inadequate. The responses wholly fail to demonstrate adequate cause for the failure of these would-be plaintiffs to prosecute their cases.

<u>Matt Benham</u>

Counsel states in two separate responses that counsel sent Mr. Benham letters in March and again in July, 2006, but that counsel has now learned that "Matthew Benham is currently in active duty with the armed forces." Counsel seeks unlimited additional time in which to serve responses "until Mr. Benham is released from active duty." Plaintiff's request will be denied and the court will recommend dismissal of Mr. Benham's claims. Plaintiff Benham - like the majority of plaintiffs discussed herein- failed to make any response to defendant's initial motion to dismiss. Plaintiff's current response to the court's "show cause" order fails to specify when plaintiff was called to duty, where he is serving, or how long he will be on duty. There is simply no evidence that plaintiff's military position has prevented him from complying with the Federal Rules of Civil Procedure or the orders of this court. Plaintiff's response suggests that counsel may not even be aware of plaintiff's current address due to a failure of communication between counsel and his client.

<u>Tammy Byrd</u>

Counsel represents that letters were mailed to Ms. Byrd in February and April of 2006, with a

certified letter mailed in July which was returned *"vacant unable to forward."* Counsel states that Ms. Byrd failed to keep a May 12, 2006 appointment with Mr. Wilhoit. Again, this plaintiff's response utterly fails to show either service of the outstanding discovery responses or adequate cause to avoid dismissal. Instead, the response suggests that counsel may not even be aware of plaintiff's current address due to a failure of communication. Therefore, the court will recommend dismissal.

### Wanda Endicott and Brandon Smith

As of defendant's reply filed May 17, 2006, defendant had not received discovery responses from either of these two plaintiffs, notwithstanding plaintiffs' assertions to the contrary. Therefore, the court's June 27 order directed these two plaintiffs to serve their responses "immediately" as well as to show cause why their case should not be dismissed based upon their repeated earlier failure to timely serve responses. In response to the court's order, counsel merely repeats an earlier claim that both plaintiffs' responses were served on May 5, 2006. Counsel's response wholly fails to comply with the court's June 27 order. Therefore, the court will recommend the dismissal of these two plaintiffs.

### Lester Skaggs

Plaintiff's counsel represents that letters were mailed in April and July, 2006, but that the certified letter mailed in July was returned for "insufficient address," notwithstanding the fact that it was the most recent address provided by plaintiff to counsel. In light of the failure of plaintiff and counsel to communicate concerning the most basic of information such as plaintiff's address, and complete failure of this plaintiff to comply with the recent orders of this court, the court will recommend dismissal of his claims.

### Marshall Truitt

10

Plaintiff's counsel represents that letters were mailed in April and July, 2006. Apparently in response to the certified letter mailed in July, Mr. Truitt "attempted" to contact the Wilhoit Law Office by telephone on July 11, 2006. Counsel states that their office attempted to return the call, but was able only to leave a message for Mr. Truitt to contact counsel "immediately." Again, in light of the failure of plaintiff either to complete discovery or to show cause in compliance with the court's previous order, the court will recommend dismissal of Mr. Truitt's claims.

In sum, dismissal is an appropriate sanction for the claims of Mildred and Malindy Thompson in Case No. 04-229-DLB, and for the claims of all of the above plaintiffs in Case No. 05-204-DLB. These plaintiffs have repeatedly failed to respond to defendant's discovery requests, in violation of the Federal Rules of Civil Procedure and in violation of two separate orders of this court (March 8 and June 27, 2006).

### 3. Plaintiffs Accepting or Requesting Dismissal

<u>Felicia Frasure, Karen Frasure, Walter Frasure, Robert McGlone, Herman Smith, Sida Smith, Siera Smith</u>

Counsel asks that all of these plaintiffs be dismissed. The court will grant plaintiffs' request.

### 4. Plaintiffs Not Required to Show Cause

<u>Daryl Kazee, Tiffany Jackson, Jerry Greene, Paul Greene, Mariam Shop, Carrie Smith, Betsie Jo Stevens, Francis Taylor, and Amanda Hughes</u>

Counsel represents that the responses of Daryl Kazee, Tiffany Jackson, Jerry Greene, Paul Greene, Mariam Shop, Carrie Smith, Betsie Jo Stevens, Francis Taylor, and Amanda Hughes were filed on unspecified dates. Counsel explains that Mr. Kazee's responses were tardy "because Mr. Kazee was confused as to which law firm was handling his case." Counsel explains that Ms. Jackson's

responses were tardy "because she had moved to New York and was trying to move back to Greenup, KY." Ms. Taylor's responses were tardy "because Plaintiff was ill with cardiac problems." Counsel has been unable to reach and/or provides no explanations for tardy responses on behalf of other named plaintiffs. As none of these plaintiffs were required to show cause or even mentioned in this court's June 27 order, Mr. Kazee is not the only confused party.

<u>Rosemary Adkins</u>

Although the court's order did not direct Ms. Adkins to do anything in the above-captioned cases, plaintiffs' counsel represents that Ms. Adkins spoke to counsel's paralegal on July 11, 2006 and "stated that she was being represented by Attorney Osborne and did not want Wilhoit Law Office to file any type of response on her behalf." Ms. Adkins was represented by James Osborne in Case No. 05-185-DLB, but her claims were dismissed as duplicative in that litigation on June 15, 2006. Presently the record reflects that Ms. Adkins is represented by William Wilhoit and Louise Roselle in Case No. 05-204-DLB. As counsel's explanation reflects confusion concerning the representation of Ms. Adkins, this order will direct that the record be clarified.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Should any counsel wish to withdraw from representation of Ms. Rosemary Adkins in Case No. 05-204-DLB, he or she should file a motion to withdraw in compliance with the requirements of LR 83.6. In light of the representations of the Wilhoit Law Firm, which together with Ms. Roselle represents plaintiff Adkins in this litigation, the Clerk shall serve a courtesy copy of this Memorandum Order on Attorney James Osborne. Mr. Osborne represented Ms. Adkins in Case No. 05-185 until

her claims were dismissed as duplicative in that litigation;

2. In light of plaintiffs' demonstration of adequate cause to avoid dismissal, the claims of those plaintiffs shall not be dismissed but they shall instead be subject to a monetary sanction for their failure to comply with the rules of discovery and this court's previous order;

3. Within ten (10) days from the date of entry of this order, defendant, by counsel, shall file of record herein, an itemization of its reasonable expenses incurred in drafting the original motion to dismiss or for sanctions. Said statement of expenses shall include all time of counsel expended in securing this order, reasonably identified by date, particular task performed, amount of time expended, and the usual hourly rate of the counsel performing each such itemized task. Within ten (10) days of service of defendant's itemized accounting, plaintiff may file any objection to that accounting;

4. The court will review the defendant's itemization of expenses and will impose an appropriate monetary sanction against the following plaintiffs at the conclusion of this litigation:
Quincy Jackson, Mandy McMahan, Katelin Noe, Cierra Pierson, Jamae Troxler, Jamathan Troxler, Michelle Whitledge, Diana Lyons, Joyce Lyons, James Lyons, Janet Robinson, Roger Robinson, Jonathon Williams;

5. Pursuant to the court's March 8 order:

> [A]n additional status conference in both the 1994 and 2005 cases will be conducted telephonically on **Friday, July 28, 2006 at 11:00 a.m.**, to be initiated by the court. **Unless notice is provided to the court that additional counsel wish to participate, only those counsel who appeared at [the March 7, 2006] status conference will be telephonically contacted by the conference call operator to participate in the July 28 conference.** The purpose of the status conference will be to set additional deadlines for the conclusion of all fact and expert discovery, and to set limits as needed on the timing, scope, and number of depositions.

**If new counsel have entered an appearance in any of the referenced cases who were not present at the March 7, they must notify the court if they wish to participate in the July 28 conference call**;

6. Whenever a motion or pleading pertains to a discovery or pretrial matter which concerns all cases (either the 1995 or the 2004 litigation), the parties should continue to file that pleading in the respective lead case (Civil Case No. 04-191-DLB or 04-229-DLB) using the appropriate consolidated caption. However, to the extent that a pleading pertains **solely** to a specific case, the parties may file that specific pleading in the case to which it pertains;

7. Plaintiff's motion for oral hearing [DE #67 in 04-229-DLB, DE #19 in 05-204-DLB ] is **denied**;

8. Plaintiffs' motion for leave to file a supplemental response to the show cause order [DE #20 in 05-204-DLB, DE 68 in 04-229] is **granted**, with the supplemental response [DE #21 in 05-204-DLB] having been fully considered by this court;

9. Defendant's motion to clarify [DE #63 in 04-229, DE #15 in 05-204-DLB] is **granted**. The record is clarified to reflect that Jonathon Aaron Williams in 05-28-DLB has responded to defendant's discovery requests, whereas Jonathon Edward Williams in 05-204-DLB has not ;

10. The court having inadvertently omitted the name of plaintiff Melissa S. Pierson from its June 27, 2006 order concerning Case No. 05-204-DLB, Ms. Pierson is hereby directed to **show cause** in writing within fifteen (15) days as to why her case should not be dismissed for failure to prosecute and pursuant to Rule 37, Fed. R. Civ. P.  Plaintiff's response shall include a statement verifying the date of service of her responses to defendant's outstanding discovery requests as well as

the basis for her failure to earlier comply with the Federal Rules of Civil Procedure and this court's March 8, 2006 order. Ms. Pierson is forewarned that the court may impose a monetary sanction against her under Rule 37 in the amount of defendant's expenses in drafting the motion for sanctions

11. The court will recommend that the claims of the following plaintiffs be dismissed for cause, pursuant to the Report and Recommendation filed herewith: Mildred and Malindy Thompson, Teresa Arnn, Mary Beach, William R. Beach, Eddie Blanton, Harley Blanton, Esther Burton, Mary Cassidy, Lloyd Caudill, Angela Davis, Frederick Jackson, Sara Jordon, Paula Kibley, James Troxler, Brenda Truitt, Jessica Gordon, Matt Benham, Tammy Byrd, Wanda Endicott, Brandon Smith, Lester Skaggs, Marshall Truitt;

12. At counsel's request, the court will also recommend the dismissal of the following plaintiffs: Felicia Frasure, Karen Frasure, Walter Frasure, Robert McGlone, Herman Smith, Sida Smith, Siera Smith.

This 24th day of July, 2006.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge